## B. B. Cassiday v. John Ball & Co.

1. MORTGAGES—*Waiver of Lien.*—The supposed waiver by appellees of the superior lien of their mortgage was purely voluntary, was made without knowledge that a portion of the mortgaged property had been disposed of, and this court holds that they were not concluded by it, especially as they seized the property under the mortgage before the executions were levied on it.

2. REPLEVIN—*When Demand Is Not Necessary.*—Demand is not necessary to enable one whose property has been taken upon an execution against another person, and is claimed and held as his property, to maintain replevin against the officer.

Replevin. Appeal from the Circuit Court of Montgomery County; the Hon. ALEXANDER W. HOPE, Judge, presiding. Heard in this court at the November term, 1896. Affirmed. Opinion filed February 25, 1897.

ZINK & KINDER, attorneys for appellant.

LANE & COOPER, attorneys for appellee.

OPINION PER CURIAM.

Appellant, a constable, levied an execution on chattel property, on which appellees held a chattel mortgage.

Appellees replevied the property, prevailed on a hearing, and the constable appealed.

It appeared appellees had possession of the property when the levy was made. The execution did not run against them.

Demand was not necessary to enable him to maintain replevin. 5 Amer. & Eng. Ency. of Law, 528 m.

The amended record filed in the cause shows the lien of the mortgage had been lawfully extended by compliance with the provisions of Section 4 of an Act of the General Assembly, in force July 1, 1891. (3 Starr & Curtis Stat., p. 892), and was in full force as a prior lien as against the executions.

The contention of appellant was, appellee had by agree-

ment waived the lien of the mortgage in favor of the execution creditor; that appellant had taken action upon the faith of such waiver, and that appellee became estopped to assert the priority of his lien as against the execution.

The supposed agreement is alleged to have arisen out of a conversation had between the attorneys of appellant constable and John Ball of the appellee company, and another between said Ball and the constable.

The purport of both were that the property mortgaged to Ball & Co. was probably worth more than the amount of their debt, and that he (Ball) had no desire to protect any of the judgment debtor's property against the execution and did not care if the executions were levied on some of the property if enough was left to pay his debt. Ball wanted appellant to pay the amount secured by the mortgage and take the mortgage but the proposition was declined.

After the conversation had occurred, Ball learned a portion of the property included in his mortgage was missing, and at once took possession of the remainder under his mortgage, and put same in the custody of an agent appointed by him to hold possession thereof for his firm.

The constable seized the property while it was so in the possession of such agent of the appellee firm.

The supposed waiver by appellees, of the superior lien of their mortgage in favor of the executions was purely voluntary and was made without knowledge, a portion of the mortgaged property had been disposed of, and we think the court correctly ruled, they were not concluded by it especially in view of the fact they seized it under the mortgage before the executions were levied upon it.

We find no error in the rulings of the court upon the propositions of law.

The judgment is affirmed.